UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Case No.4:13-cr-00088 |
| v. | ) | |
| | ) | |
| SEAN MICHAEL WARD, | ) | GOVERNMENT'S SUPPLEMENTAL |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

COMES NOW the United States of America and pursuant to request by the Court hereby submits the following to address the issue--whether the mandatory minimum sentence of fifteen years (180 months) specified by Title 18 U.S.C. § 924(e)(1) applies in this case because of three of the Defendant's prior convictions.

The first conviction at issue (PSR paragraph 43) consisted of two counts of conviction from the year of 2000 which were based on the same activity so they will be considered together as one for purposes of this analysis. Those convictions are Assault While Using a Dangerous Weapon and Willful Injury Causing Serious Injury. These offenses involved a knife. Both of these convictions are aggravated misdemeanors as defined by Iowa Code Section 708.2(3) and are subject to imprisonment for up to two years.

The second conviction at issue (PSR paragraph 44) was Assault while Using or Displaying a Firearm is also an aggravated misdemeanor under Iowa Code Section 708.2(3) and is subject to imprisonment for up to two years.

Chapter 44 – Firearms of Title 18 U.S.C. § 924(e)(1) specifies a mandatory minimum sentence of 15 years (180 months) for violations of Title 18 U.S.C. § 922(g) when a person has

1

three prior convictions for a violent felony or serious drug offense. Title 18 U.S.C. § 924(e)(1).

Title 18 U.S.C. § 924(e)(2)(B) defines a violent felony as:

> any crime punishable by imprisonment for a term exceeding one year, . . . that —
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Chapter 44 – Firearms of Title 18 U.S.C. § 921(a) defines "a crime punishable by imprisonment for a term exceeding one year" provides exclusions from this statutory definition and provides in pertinent part:

> (20) The term "crime punishable by imprisonment for a term exceeding one year" does not include—
>
> . . ..
>
> (B) Any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.…

Thus, offenses classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less are excluded from the statutory definition of "crime[s] punishable by imprisonment for a term exceeding one year" under the Armed Career Criminal Act of Title 18 U.S.C., Section § 924(e).

The state offenses at issue in this case and as set forth *supra* are categorized by Iowa law as aggravated misdemeanors and are punishable by two years or less. There is one more inquiry that needs to be made in that Iowa has modified the definition of a felony in certain types of cases under Iowa Code Section 724.25 as follows:

> As used in sections 724.8, subsection 2, and 724.26, the word "felony" means any offense punishable in the jurisdiction where it occurred by imprisonment for a term exceeding one

year, but does not include any offense, other than an offense involving a firearm or explosive, classified as a misdemeanor under the laws of the state and punishable by a term of imprisonment of two years or less.

So one can see from this section that, there is one factual circumstance where what would be an aggravated misdemeanor is classified as a felony under Iowa law and that is those instances where the offense involved a firearm or explosive. This statutory modification of a misdemeanor to a felony under Iowa law was recognized in *United States v. Gilbert*, 496 F.Supp.2d 1001, 1006 (N.D. Iowa 2007).

Working backwards then, the state convictions which do not involve firearms or explosives, *supra* are defined by Iowa law as aggravated misdemeanors and are punishable by two years or less. This would be the case for the conviction in PSR paragraph 43 because it does not meet the definition of a "crime punishable by imprisonment for a term exceeding one year" because it is classified by state law as an aggravated misdemeanors which is punishable by two years or less and does not involve a firearm or explosives. This conviction is, therefore, excluded from the federal statutory definition of "crime punishable by imprisonment for a term exceeding one year". 18 U.S.C. § 921(a)(20)). However, the conviction at PSR paragraph 44 would be a prior violent felony pursuant to Iowa State law because it did involve a firearm.

The United States Supreme Court has recognized the interplay of Sections 921(a)(20) and 924(e). In *United States v. Logan*, 552 U.S. 23 (2007), the Supreme Court stated that offenses classified by states as misdemeanors and punishable by a term of imprisonment of two years or less do not qualify as violent felonies for purposes of the ACAA. *Id*. at 27 ("An offense classified by a State as a misdemeanor, however, may qualify as a 'violent felony' for ACCA-enhancement purposes (or as a predicate for a felon-in-possession conviction under § 922(g)) only if the offense is punishable by more than two years in prison."); see also *United States v. Sumlin*, 147 F.3d 763,

764 (8th Cir. 1998) (quoting Title 18 U.S.C. § 921 (a)(20)).

Additionally, the Supreme Court held that the first step in determining whether a crime qualifies as a violent felony for purposes of the ACAA is a generic consideration "of how the law defines the offense." *Begay v. United States*, 553 U.S. 137, 141 (2008) (holding that DUI did not qualify as a violent felony); *see also United States v. McGill*, 618 F.3d 1273, 1275-76 (11th Cir. 2010) (applying a statutory analysis to determine whether possession of a sawed-off shotgun qualified as a violent felony); *Sumlin,* 147 F.3d at 765 (applying a statutory analysis to determine two burglary convictions qualified as violent felonies); *United States v. Hassan El*, 5 F.3d 726, 732-33 (4th Cir. 1993) (applying a statutory analysis to determine whether the misdemeanor exception applied). Here, only the conviction in PSR paragraph 46; the "Assault while using or displaying a Firearm"; is counted under the Armed Career Criminal Act in this case because by Iowa law it is a felony; it involved a firearm or explosive; even though it is classified as an aggravated misdemeanor for purposes of assault under Iowa Code, Section 708.2(3).

The United States Sentencing Guidelines define "crime of violence" differently than Title 18 U.S.C. § 921(a)(20). Compare U.S.S.G. § 2K2.1 with Title 18 U.S.C. § 921(a)(20). However, the statute is "controlling for purposes of defining the felon-in-possession offense, while U.S.S.G. § 2K2.1 is controlling for purposes of determining the resulting Guideline sentence absent a statutory conflict, which we do not see." *United States v. Morris*, 139 F.3d 582, 584 (8th Cir. 1998); *see also United States v. Damon*, 595 F.3d 395, 399-402 (1st Cir. 2010) (discussing the definitional differences).

Based on the statutes and cases set forth above the government believes that only the prior conviction in PSR paragraph 44 is a violent felony pursuant to the Armed Career Criminal Act; Title 18 U.S.C., Section § 924(e) and that the conviction in PSR paragraph 43; an aggravated

4

misdemeanor convictions from the State of Iowa; is not a violent felony pursuant to the Armed Career Criminal Act; Title 18 U.S.C., Section § 924(e). The third conviction (PSR paragraph 48) which the Court questioned in this case is a drug trafficking offense where the defendant was sentenced up to ten years, which is a drug felony conviction for purposes of the Armed Career Criminal Act; Title 18 U.S.C., Section § 924(e).

Therefore, the government argues that under the facts and circumstances of this case the Defendant, Sean Michael Ward, is not an Armed Career Criminal pursuant to Title 18 U.S.C., Section § 924(e).

Nicholas A. Klinefeldt
United States Attorney

By: /s/ *Cliff Wendel*
Cliff Wendel
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone: 515-473-9300
Telefax: 515-473-9292
E-mail: cliff.wendel@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2014, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

\_\_X\_\_ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY

By: /s/ *M. Jayne*
   Legal Assistant