# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**SEAN MICHAEL WARD,**<br>Defendant. | **CASE NO. 4:13-CR-00088**<br><br>**DEFENDANT'S BRIEF CONCERNING APPLICABILITY OF 18 U.S.C. §924(e)** |

## ISSUE PRESENTED

The issue is whether the Defendant, Sean Ward, should be categorized as an Armed Career Criminal under 18 U.S.C. §924(e) and sentenced pursuant to United States Sentencing Guidelines §4B1.4.

## APPLICABLE LAW

Under the Armed Career Criminal Act, a defendant convicted pursuant to 18 U.S.C § 922(g) is subject to a minimum sentence of fifteen years if he has sustained at least three previous convictions for a violent felony, a serious drug offense, or both. See 18 U.S.C. §924(e).

In 18 U.S.C. §924(e)(2)(B) the term "violent felony" is defined as any crime punishable by imprisonment for a term exceeding one year, or act of a juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that

(i)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or physical injury to another.

Defendant's convictions in PSR paragraphs 43, 44, and 48 have been identified by this Court as potential qualifying offenses for the purposes of 18 U.S.C. §924(e). Defendant asserts that the convictions identified in paragraphs 43 do not qualify therefore he is not an Armed Career Criminal as defined in 18 U.S.C. §924(e).

## ARGUMENT

### I. PARAGRAPH 43 IS NOT A QUALIFYING CONVICTION UNDER 18 U.S.C. §924(e)

Defendant was convicted of two counts of Assault while using a Dangerous Weapon, both aggravated misdemeanors, in violation of Iowa Code §708.2(3). These offenses happened at the same time so they should be considered as one offense for the purposes of this analysis. The general allegation is that Defendant assaulted two individuals with a knife. Defendant asserts that these convictions do not constitute a violent felony as defined by 18 U.S.C. §924(e)(2)(B). The Iowa assault statute distinguishes between aggravated misdemeanor assaults, serious misdemeanor assaults, and simple misdemeanor assaults. However, all assaults are defined by reference to §708.1, which defines "assault" as occurring when a person does any of the following without justification:

a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with apparent ability to execute the act.

b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code §708.2(3) applied to Defendant's convictions because his assaults involved the use or display of a weapon. Thus the offenses were categorized as aggravated misdemeanors punishable by up to two years in prison. A plain reading of 18 U.S.C. §924(e)(2) would lead one to conclude that these offenses are qualifying offenses under that code section. There is a clear use of force against another by the Defendant and the maximum punishment for the offenses is more than one year. However, an exception to this blanket definition can be found in 18 U.S.C. §921(a)(20). 18 U.S.C. §921(a)(20) states:

(20)The term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

It is important to note that the United States Sentencing Guidelines (U.S.S.G.) defines the term "crime of violence" differently than 18 U.S.C. §921(a)(20), in that the U.S.S.G. does not include the term "crime punishable by imprisonment for a term exceeding one year". *Compare* U.S.S.G. § 2K2.1 with 18 U.S.C. § 921(a)(20). Specifically, as the Eighth Circuit held in *United States v. Morris,* 139 F.3d 582 (8th Cir. 1998), "18 U.S.C. § 921(a)(20) is controlling for purposes of defining the felon-in-possession offense, while U.S.S.G. § 2K2.1 is controlling for purposes of determining the resulting Guideline sentence absent a statutory conflict." *Id. at* 584; *see also United States v. Damon*, 595 F.3d 395, 399-402 (1st Cir. 2010).

Therefore, for the purposes of 18 U.S.C. §924(e)(2), the offenses found in paragraph 43 are not "crimes punishable by imprisonment for a term exceeding one year" as required to be a qualifying offense. The Government contends that this does not conclude our analysis and the Defendant would agree. Iowa Code § 724.25 states:

> 1. As used in section 724.26, the word "felony" means any offense punishable in the jurisdiction where it occurred by imprisonment for a term exceeding one year, but does not include any offense, other than an offense involving a firearm or explosive, classified as a misdemeanor under the laws of the state and punishable by a term of imprisonment of two years or less.

The Iowa Supreme Court has held that this definition applies to offenses in Iowa that are categorized as an aggravated misdemeanor but involve the use of a firearm making those offenses felonies as defined by the Iowa Code. *See State v. Buchanan*, 604 N.W.2d 667 (Iowa 2000). In *Buchanan*, the defendant had a previous conviction for interference with official acts while armed; an aggravated misdemeanor. *Id*. at 668. He was then subsequently charged with being a felon in possession of a firearm in violation of Iowa Code § 724.26. Buchanan argued that he was not a felon as section 724.25 only applied to offenses from a jurisdiction other than Iowa. *Id*. The Iowa Supreme Court rejected this argument and held that it applied to offenses both inside and outside the jurisdiction of the State of Iowa and thus Buchanan was a "felon" under the Iowa Code. *Id*. at 669.

The offenses in paragraph 43 however, involve the use of a knife, not a firearm or explosive. Therefore they are not qualifying offenses as Iowa Code §724.25 does not apply and they are excluded by the definition provided in 18 U.S.C. §921(a)(20). The offenses listed in Paragraph 43 of the PSR are not qualifying offenses under 18 U.S.C. § 924(e).

## II. PARAGRAPH 44 IS A QUALIFYING CONVICTION UNDER 18 U.S.C. §924(e)

The above analysis in paragraph I applies to this offense with one exception. The offense listed in paragraph 44 is an Assault while Using or Displaying a Firearm in violation of Iowa Code § 708.2(3). The general allegation is that Defendant assaulted someone with a firearm. This is a qualifying offense under 18 U.S.C. §924(e) because Iowa Code § 724.25 applies and makes this a felony as defined by the Iowa Code. Therefore, the excluding definition found in 18 U.S.C. §921(a)(20) does not apply as the offense is classified as a felony under the laws of the State of Iowa.

## III. PARAGRAPH 48 IS A QUALIFYING CONVICTION UNDER 18 U.S.C. §924(e)

Paragraph 48 of the PSR indicates that Defendant was convicted of Conspiracy to Manufacture Methamphetamine, a class C felony, in violation of Iowa Code § 124.401(1)(c)(6). This offense is a drug offense punishable by a maximum of 10 years imprisonment. Defendant does not dispute that this is a qualifying offense under 18 U.S.C. §924(e).

## IV. CONCLUSION

Defendant does not have three qualifying prior offenses as defined by 18 U.S.C. §924(e) therefore he is not an Armed Career Criminal for purposes of sentencing by this Court.

**RESPECTFULLY SUMITTED,**

**CARR & WRIGHT, P.L.C.**

 /s/ Erin M. Carr
Erin M. Carr (AT 0008975)
300 Walnut Street, Suite 140
Des Moines, Iowa 50309
Phone: (515) 875-4868
Fax: (515) 875-4869
erin@carrandwright.com
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

Nicholas Klinefeldt
Cliff Wendel
United States Attorney
Attorney for Plaintiff

  /s/ Erin M. Carr